**WO**  BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carniel Williamson, | No. CV 05-0356-PHX-MHM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate formally confined in the Maricopa County Durango Jail in Phoenix, Arizona.[1]  Plaintiff, Carniel Williamson, was released after he filed the instant action.  The Court will dismiss the action with leave to amend.

**A.    Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted.  Because Plaintiff was a prisoner at the time he filed his Complaint, he became obligated to pay the $150.00 civil action filing fee.  See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) (providing that "[u]nder the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."); 28 U.S.C. § 1915(b)(1).  Generally, if a Plaintiff is unable to pay the fee in full at the time he files a § 1983 action, § 1915(b)(1) authorizes the Court to collect the fee in

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**JDDL-K**

incremental payments from the inmate's prison trust account. However, because Plaintiff has been released, he has no prison trust account.

Plaintiff, in response to this Court's order to show cause why he could not pay the filing fee (Doc. #4), filed a second request to proceed *in forma pauperis,* (Doc. #5). In his motion, he indicates that he is employed, but has no assets. Plaintiff attached a pay stub indicating that, after child support is withheld, he makes approximately $550 every two weeks. Plaintiff indicates that his monthly expenses, including food and transportation, amount to $930 per month. Thus, Plaintiff's income exceeds his monthly expenses. Accordingly, Plaintiff will be assessed no initial fee. However, he will be assessed payments in the amount of $15.00 per month, due on the 15th day of each month. Plaintiff's first payment is due January 15, 2006.

Plaintiff's payment is to be sent to the following address:

>Clerk, U.S. District Court
>401 W. Washington St., SPC 1, Ste 130
>Phoenix, Arizona 85003

Plaintiff's payment is to be either in the form of a money order or a cashier's check, made payable to Clerk, U.S. District Court. Plaintiff's payment must include his case number.

Plaintiff is advised that should his financial circumstances change, he must immediately inform the Court. For example, if he obtains employment, he must file an affidavit of statement made under penalty of perjury indicating his income and liabilities. Failure to comply will result in dismissal of this action. Plaintiff is also advised that he remains liable for the $150.00 filing fee.

**B.** **<u>Statutory Screening of Prisoner Complaints</u>.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such

1  relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured
2  by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the
3  complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th
4  Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can
5  possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court
6  therefore should grant leave to amend if the pleading could be cured by the allegation of
7  other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The
8  Court should not, however, advise the litigant how to cure the defects. This type of advice
9  "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124
10 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether
11 court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed
12 for failure to state a claim, *with* leave to amend because the complaint may possibly be saved
13 by amendment.

**C.    Complaint.**

Plaintiff names as a Defendants (1) Joseph Arpaio, Sheriff of Maricopa County, alleging that he "utiliz[ed] Federal Constitutional due process and cruel and unusual punishment" to violate his constitutional rights, and (2) Maricopa County Sheriff's Office. Plaintiff argues that his constitutional rights were violated by (1) overcrowding and unsanitary conditions due to the septic tank backing up, (2) limited access to the day room, and (3) denial of outside recreational activities. Plaintiff seeks monetary and other relief.

*1.    Hart v. Hill*

Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.

JDDL-K                                                - 3 -

1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means by which unconstitutional conditions are corrected but they do not create or enlarge constitutional rights. Id. at 1123. To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not properly brought in this action.

*2. Maricopa County Sheriff's Office*

The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983.

*3. Defendant Arpaio*

To state a valid constitutional claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of the defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). For a person to be liable in his official capacity, Plaintiff must allege that he acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). A supervisor, in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff fails to allege that Defendant Arpaio enacted or enforced any policy, practice, or custom which resulted in a denial of his constitutional rights. Moreover, Plaintiff fails to allege that Defendant Arpaio directly violated his constitutional rights or was even aware that Plaintiff's rights were being violated. Thus, Plaintiff fails to sufficiently allege that

1 Defendant Arpaio violated his constitutional rights. Plaintiff will be provided an opportunity 2 to amend his complaint to set forth a viable claim.

**D.     Leave to Amend.**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff may amend his Complaint to cure the deficiencies outlined above. The Clerk of Court will be directed to provide Plaintiff with a Court-approved form for filing a civil rights complaint. Plaintiff is advised that the amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Any amended complaint submitted by Plaintiff should be clearly designated as such on the face of the document.

Plaintiff is also reminded that in an Amended Complaint, he may only include one claim per count. The "one claim per count" rule is set forth in the form Complaint and accompanying instructions, and is a requirement imposed by the local rules of this Court. See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the form).

An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**E.     Address Changes.**

In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he must file a notice of change of address if his address changes. Plaintiff is again reminded that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Plaintiff shall serve a copy of the Notice of Change of Address on all opposing parties. The notice shall contain only information

pertaining to the change of address and its effective date, and shall not include a motion for other relief. Failure to timely file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**F.     Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice. See Ferdik, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court). Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal of this action will count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1 & 5) is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2) Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is not assessed an initial filing fee, but is ordered to pay $15.00 per month beginning in January 2006, due on the 15th day of each month. Plaintiff is to remit payment to the Clerk, U.S. District Court, either by money order or cashier's check. Plaintiff may mail his payment to Clerk, U.S. District Court, 401 W. Washington St., SPC 1, Ste. 130, Phoenix, Arizona, 85003. Plaintiff's payment is to include a notation indicating the case number. Plaintiff is obligated to inform this Court of any change of financial circumstances.

(3) The Complaint is **dismissed** for failure to state a claim. Plaintiff shall have **30 days** from the date this Order is filed to file an Amended Complaint in compliance with this Order.

(4) The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed. Upon entry of judgment, the Clerk shall

1  make an entry on the docket in this matter indicating that the dismissal of this action falls
2  within the purview of 28 U.S.C. § 1915(g).
3  (5) Aside from the two copies of the complaint or amended complaint that must be
4  submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other
5  document filed shall accompany each original pleading or other document filed with the
6  Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See
7  LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document
8  being stricken without further notice to Plaintiff.
9  (6) The Clerk of Court is directed to provide to Plaintiff a current court-approved
10 form for filing a civil rights complaint by a prisoner.
11 DATED this 8th day of January, 2006.

_____
Mary H. Murgula
United States District Judge

**JDDL-K**

- 7 -